IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JACKIE RAYMOND, individually as an heir, and as Personal Representative of the ESTATE OF BARRY JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SCOTT SLOAN, PAYETTE COUNTY, a political subdivision of the State of Idaho, CHARLES HUFF, Sheriff, IDAHO STATE POLICE, and JOHN DOES I - XX,<br><br>　　　　　Defendants. | Case No.  1:13-CV-423-BLW<br><br>**MEMORDANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it plaintiff Raymond's motion to waive fees, or, alternatively, to set bond. For the reasons explained below, the Court will require a bond of $500.

# ANALYSIS

Raymond has sued, among other defendants, Charles Huff, the Sheriff of Payette County and Scott Sloan, a Deputy Sheriff for Payette County. The plaintiff is required by Idaho Code § 6–610(2) to post a bond to cover costs when she initiates suit against a law enforcement officer. A court may, however, waive costs, fees and security for indigents. *See* I.C. § 31–3220. If a party files an affidavit stating that she is indigent and unable to

pay the costs, fees and security associated with her case, the court can waive them if it finds, after informal inquiry, that the party is indigent. *See* Idaho Code § 31–3220(2). This statute applies to bonds required under Idaho Code § 6-610. *Taysom v. Bannock County,* 2012 WL 397734 (D.Id. Feb. 7, 2012).

Raymond filed such an affidavit claiming she is indigent. She includes in her affidavit her full legal name, her income, her spouse's income, the real and personal property she owns, her cash and checking accounts, her dependents, her debts, her monthly expenses, the nature of the action, and the basis for redress as required by Idaho Code § 31–3220A.

To summarize that information, she earns $600 a month from her business and her husband earns $4,200 per month. They have a $160,000 mortgage on their residence, and their monthly expenses are $4,400. They have almost no savings and no investments or retirement accounts. They are underwater on their residence and have $62,500 in other debts. This information shows that Raymond is financially strapped but not indigent. The Court will therefore deny Raymond's motion to the extent it seeks a waiver of the bond requirement. In the alternative, her motion asks the Court to set a bond amount. The Court will set the bond at $500.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to waive fees or, alternatively, to set bond (docket no. 3) is GRANTED IN PART AND DENIED IN

PART.  It is granted to the extent it seeks the setting of a bond amount but is denied to the extent it seeks a waiver of the bond.

IT IS FURTHER ORDERED, that the plaintiff shall file a bond in the sum of $500 pursuant to Idaho Code 6-610 within twenty (20) days from the date of this decision.

DATED: December 6, 2013

B. Lynn Winmill
Chief Judge
United States District Court