1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                        DISTRICT OF IDAHO

10                         ----oo0oo----

11

12   JACKIE RAYMOND, individually      CIV. NO. 1:13-423 WBS
     as an heir, and as Personal
13   Representative of the Estate      MEMORANDUM AND ORDER RE: MOTION
     of Barry Johnson,                TO DISMISS; MOTION TO AMEND;
14                                     MOTION TO INTERVENE; MOTION TO
                   Plaintiff,         STAY
15
         v.
16
     SCOTT SLOAN; PAYETTE COUNTY,
17   a political subdivision of
     the State of Idaho; CHARLES
18   HUFF, Sheriff; and JOHN DOES
     1-20,
19
                   Defendants,
20
     and the IDAHO STATE POLICE,
21
                   Intervenor.
22

23
                           ----oo0oo----
24

25        Plaintiff Jackie Raymond brought this action against

26   defendants Scott Sloan, Sheriff Charles Huff, and Payette County

27   arising out of the death of her father in an automobile collision

28   with Sloan.  Defendants now move to dismiss plaintiff's Complaint

                                 1

pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure
to state a claim upon which relief can be granted and to stay
discovery pending the determination of their motion; plaintiff
moves to amend her complaint; and the Idaho State Police ("ISP")
moves to intervene pursuant to Federal Rule of Civil Procedure
24(b).

I.  Factual & Procedural History

On October 18, 2011, Barry Johnson attempted to make a
left turn from Highway 30 into the driveway of his residence near
New Plymouth, Idaho.  (Compl. ¶ 12 (Docket No. 1).)  As he did
so, Sloan, a deputy sheriff of Payette County, allegedly passed
him in the left-hand lane at a speed of 115 miles per hour.  (Id.
¶ 13.)  Their cars collided.  (Id. ¶ 16.)  Johnson was ejected
from the driver's seat of his vehicle and died as a result of his
injuries.  (Id.)

Plaintiff is Johnson's daughter and heir.  (Id. ¶ 4.)
She asserts two basic theories of relief.  First, she brings a
state-law claim for negligence against Sloan and Payette County,
which she alleges is both vicariously liable for Sloan's conduct
and independently liable for its failure to train, supervise, and
control its employees.  (Id. ¶¶ 6, 15, 17-19.)  Second, she
alleges that defendants conspired with officers of the ISP to
cover up Sloan's misconduct and asserts that this conspiracy
denied her of her constitutional right of access to the courts in
violation of 42 U.S.C. §§ 1983 and 1985.  (Id. ¶¶ 20-21.)

Defendants now move to dismiss plaintiff's Complaint
for failure to state a claim upon which relief can be granted,
(Docket No. 27), and to stay discovery pending resolution of the

2

1  motion to dismiss, (Docket No. 28); plaintiff seeks leave to

2  amend her Complaint, (Docket No. 31); and ISP moves to intervene

3  in the action for the purpose of opposing plaintiff's motion to

4  file an amended Complaint, (Docket No. 41).

5  II.  Motion to Dismiss

6       On a motion to dismiss, the court must accept the

7  allegations in the complaint as true and draw all reasonable

8  inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416

9  U.S. 232, 236 (1974), overruled on other grounds by Davis v.

10  Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322

11  (1972).  To survive a motion to dismiss, a plaintiff needs to

12  plead "only enough facts to state a claim to relief that is

13  plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S.

14  544, 570 (2007).  This "plausibility standard," however, "asks

15  for more than a sheer possibility that a defendant has acted

16  unlawfully," and where a complaint pleads facts that are "merely

17  consistent with" a defendant's liability, it "stops short of the

18  line between possibility and plausibility."  Ashcroft v. Iqbal,

19  556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556–57).

20       A.   42 U.S.C. § 1985

21       Subsection 1985(3) prohibits two or more persons from

22  conspiring to deprive any person or class of persons of the equal

23  protection of the laws.  "To bring a cause of action successfully

24  under § 1985(3), a plaintiff must demonstrate a deprivation of a

25  right motivated by 'some racial, or otherwise class-based,

26  invidiously discriminatory animus behind the conspirators'

27  action.'"  RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045,

28  1056 (9th Cir. 2002) (quoting Sever v. Alaska Pulp Corp., 978

3

F.2d 1529, 1536 (9th Cir. 1992)); accord Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).  This requires "either that the courts have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny or that Congress has indicated through legislation that the class required special protection."  Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir. 1985) (citing DeSantis v. Pac. Tel. & Tel. Co., 608 F.2d 327, 333 (9th Cir. 1979)).

Here, plaintiff alleges only that defendants deprived her of her right of access to the courts in violation of the Fifth and Fourteenth Amendments.  (See Compl. ¶¶ 20-21.)  She has not alleged that she is a member of any protected class, let alone that defendants' conduct was motivated by a membership in such a class.  See RK Ventures, 307 F.3d at 1056.  Accordingly, the court must grant defendants' motion to dismiss plaintiff's § 1985 claim.

B.    42 U.S.C. § 1983

In relevant part, § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  While § 1983 is not itself a source of substantive rights, it provides a cause of action against any person who, under color of state law, deprives an individual of federal constitutional rights or limited federal statutory rights.  Id.; Graham v. Connor, 490 U.S. 386, 393-94 (1989).

4

1    "The Supreme Court held long ago that the right of

2  access to the courts is a fundamental right protected by the

3  Constitution." Delew v. Wagner, 143 F.3d 1219, 1222 (9th Cir.

4  1998) (citing Chambers v. Balt. & Ohio R.R. Co., 207 U.S. 142,

5  148 (1907)). That right is "deni[ed] . . . where a party engages

6  in pre-filing actions which effectively cover[] up evidence and

7  render[] any state court remedies ineffective." Id. (citing

8  Swekel v. City of River Rouge, 119 F.3d 1259, 1262 (6th Cir.

9  1997)).

10        However, because the right of access to the courts is

11  "ancillary to the underlying claim" that a plaintiff seeks to

12  litigate, a plaintiff must allege that the defendants' conduct

13  actually prevented her from litigating that claim. Christopher

14  v. Harbury, 536 U.S. 403, 415 (2002). A plaintiff "cannot merely

15  guess that a state court remedy will be ineffective because of a

16  defendant's actions." Delew, 143 F.3d at 1222 (quoting Swekel,

17  119 F.3d at 1264) (internal quotation marks omitted). Rather,

18  she must show that she was "shut out of court" as a result of the

19  defendants' conduct. Christopher, 536 U.S. at 415.

20        Even if plaintiff's allegations were sufficient to

21  establish that defendants had conspired to cover up Sloan's

22  misconduct, (see Compl. ¶ 20), she has not alleged that

23  "defendants' alleged cover-up caused h[er] to lose or

24  inadequately settle h[er] prior meritorious action." Ejigu v.

25  City of Los Angeles, 286 Fed. App'x 977, 978 (9th Cir. 2008). In

26  fact, aside from her bare allegation that defendants' conduct

27  "significantly impaired" her ability to seek legal redress for

28  her injuries, (Compl. ¶ 21), plaintiff has not alleged any facts

5

1 establishing that she is currently unable to litigate her state-
2 law negligence claim.

3    At this stage in the litigation, it is premature to

4 determine whether defendants' alleged cover-up will result in the

5 defeat of her negligence claim.  Instead of speculating upon the

6 fate of that claim, the court will instead dismiss plaintiff's §

7 1983 claim without prejudice.  See Delew, 143 F.3d at 1223

8 (holding that when a plaintiff alleges a cognizable but unripe

9 access-to-courts claim, the proper course of action is to dismiss

10 without prejudice).  If plaintiff's efforts to litigate that

11 claim in state court prove unsuccessful, she is free to file a

12 new access-to-courts claim in either state or federal court.[1]

13    C.    Supplemental Jurisdiction

14    28 U.S.C. § 1367 authorizes federal courts to exercise

15 supplemental jurisdiction over state-law claims that are

16 sufficiently related to those claims over which they have

17 original jurisdiction.  28 U.S.C. § 1367(a); United Mine Workers

18 of Am. v. Gibbs, 383 U.S. 715, 725 (1966).  A district court "may

19 decline to exercise supplemental jurisdiction over a claim . . .

20 if . . . the district court has dismissed all claims over which

21 it has original jurisdiction."  28 U.S.C. § 1367(c)(3); see also

22

23    [1]    Because an access-to-courts claim does not accrue until
    the entry of judgment in the underlying claim, the statute of
24 limitations will not run on that claim until after plaintiff has
    had the opportunity to pursue her negligence claim in Idaho state
25 court.  See Morales v. City of Los Angeles, 214 F.3d 1151, 1154
    (9th Cir. 2000) (holding that the plaintiffs' access-to-courts
26 claim "accrued when the alleged police misconduct resulted in
    judgments being entered against them").  The court's dismissal of
27 this claim will therefore not prejudice plaintiff from bringing
    an access-to-courts claim if and when it ripens.
28

6

1  Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997)

2  ("[A] federal district court with power to hear state law claims

3  has discretion to keep, or decline to keep, them under the

4  conditions set out in § 1367(c).").

5          Factors courts consider in deciding whether to dismiss

6  supplemental state-law claims include judicial economy,

7  convenience, fairness, and comity. City of Chicago v. Int'l

8  Coll. of Surgeons, 522 U.S. 156, 172-73 (1997). "[I]n the usual

9  case in which federal law claims are eliminated before trial, the

10 balance of factors . . . will point toward declining to exercise

11 jurisdiction over the remaining state law claims." Reynolds v.

12 County of San Diego, 84 F.3d 1162, 1171 (9th Cir. 1996),

13 overruled on other grounds by Acri, 114 F.3d at 1000.

14         Because the court will dismiss plaintiff's §§ 1983 and

15 1985 claims, only her state-law negligence claim remains.

16 Plaintiff does not identify any extraordinary or unusual

17 circumstances suggesting that the court should retain

18 jurisdiction over her state-law claim in the absence of any

19 federal claim.  And because plaintiff's federal-law claims

20 essentially assert that she was deprived of her ability to seek

21 relief available under state law, comity principles suggest that

22 the state courts of Idaho should be allowed to hear her

23 negligence claim in the first instance. Cf. Delew, 143 F.3d at

24 1223.  The court therefore declines to exercise supplemental

25 jurisdiction over plaintiff's state-law negligence claim pursuant

26 to 28 U.S.C. § 1367(c)(3).

27 III. Motion to Intervene

28         Since ISP has moved to intervene for the limited

7

purpose of joining in defendants' motion to dismiss and opposing
plaintiff's motion to amend, the court must resolve that motion
prior to determining whether amendment is proper.  Rule 24(b)
provides that, on a timely motion, the court may permit anyone to
intervene who "has a claim or defense that shares with the main
action a common question of law or fact."  Fed. R. Civ. P.
24(b)(1)(B); see Perry v. Proposition 8 Official Proponents, 587
F.3d 947, 955 (9th Cir. 2009) (citation omitted).  Rule 24(b)
requires the court to consider whether intervention will unduly
delay or prejudice the adjudication of the original parties'
rights.  Fed. R. Civ. P. 24(b)(3).  "The court may also consider
other factors in the exercise of its discretion, including 'the
nature and extent of the intervenors' interest and 'whether the
intervenors' interests are adequately represented by other
parties.'"  Perry, 587 F.3d at 955 (quoting Spangler v. Pasadena
City Bd. of Educ., 552 F.3d 1326, 1329 (9th Cir. 1977)).

          Here, plaintiff alleges that defendants conspired with
ISP and its officers to cover up and manipulate the investigation
of Sloan's wrongdoing; as a result, any defense that ISP might
allege shares common questions of fact with those defendants
assert and thereby satisfies Rule 24(b).  Additionally, because
ISP seeks to intervene for the limited purpose of supporting
dismissal and opposing amendment, has already submitted briefs on
these issues, and has already been heard at the hearing, there is
little risk that its involvement in the case will further delay
the proceedings or prejudice plaintiff.  Accordingly, the court
will grant ISP's motion to intervene for the limited purpose of
supporting dismissal and opposing amendment.

IV.    Motion to Amend

       Plaintiff seeks leave to amend and has filed a proposed amended complaint ("PAC").  (Docket No. 31-1.)  That complaint asserts five causes of action: (1) a state-law negligence claim; (2) a § 1985 claim; (3) a § 1983 claim alleging that defendants' cover-up denied plaintiff the right to access the courts; (4) a § 1983 claim alleging that defendants' conduct denied plaintiff substantive due process by terminating her relationship with her father; and (5) a § 1983 claim alleging that defendants denied plaintiff equal protection of the laws by interfering with the prosecution of Sloan.  (Id.)  In addition, plaintiff seeks to join ISP and four ISP officers as defendants.  (Id.)

       A motion to amend is generally subject to Rule 15(a), which provides that "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "However, once a scheduling order has been entered pursuant to Rule 16(b), the more restrictive provisions of that subsection requiring a showing of 'good cause' for failing to amend prior to the deadline in that order apply."  Robinson v. Twin Falls Highway Dist., 233 F.R.D. 670, 672 (D. Idaho 2006) (Winmill, J.); accord Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  "Unlike Rule 15(a)'s liberal amendment policy, which focuses on the bad faith of the party seeking an amendment and the prejudice to the opposing party, the 'good cause' standard set forth in Rule 16 primarily focuses on the diligence of the party requesting the amendment."  Sadid v. Vailas, 943 F. Supp. 2d 1125, 1138 (D. Idaho. 2013) (Winmill, J.) (citing Johnson, 975 F.2d at 607).

1     Here, plaintiff has not made the required showing of

2  diligence.  On February 18, 2014, plaintiff filed a Notice of

3  Tort Claim against ISP and four ISP officers alleging that those

4  officers were involved in a conspiracy to cover up Sloan's

5  misconduct.  (See Hall Aff. Ex. C (Docket No. 39-1).)  In that

6  notice, plaintiff indicated that she learned of the identity of

7  those ISP officers on October 31, 2013.  (Id.)  The court then

8  issued its scheduling order on February 28, 2014, indicating that

9  the parties would have until April 14, 2014 to amend their

10 pleadings.  (Docket No. 20.)  Yet plaintiff did not seek to leave

11 to amend until July 1, 2014, nearly three months after that

12 deadline had elapsed.  (Docket No. 31.)  Because plaintiff

13 evidently knew of the basis of any claims she might assert

14 against ISP no later than February 18, 2014, her failure to do so

15 before the deadline for amended pleadings shows that she was not

16 diligent.  See Robinson, 233 F.R.D. at 673 ("Knowing of the facts

17 forming the basis for the proposed amendment prior to the

18 deadline for amending precludes a finding of due diligence.")  .

19     Plaintiff's proposed amendments would also result in

20 prejudice to ISP, which is an additional reason to deny leave to

21 amend.  See id. at 674 ("While a finding of prejudice is not

22 required under Rule 16(b), it is an added consideration . . .

23 ."); Johnson, 975 F.2d at 609 (noting that the "existence or

24 degree of prejudice to the party opposing the modification might

25 supply additional reasons to deny a motion" for leave to amend).

26 In particular, plaintiff voluntarily dismissed ISP from this

27 action on February 14, 2014; as a result, ISP has not conducted

28 any discovery and has not anticipated having to defend this

10

action.  (See Docket No. 18.)  If the court permitted plaintiff

to join ISP and its officers at this point, ISP would have

approximately two months to produce an expert report and

approximately five months to conduct discovery.  (See Docket No.

20.)  Requiring ISP to complete discovery on an expedited

timetable at this point in the case would prejudice its defense

of this case--particularly if the evidence has become stale or

unavailable in the six months since plaintiff previously

dismissed it from this action--and militates against granting

leave to amend.

Although plaintiff's counsel conceded at oral argument

that plaintiff could not show good cause to modify the scheduling

order under Rule 16, he nonetheless argued that plaintiff should

be permitted to amend her complaint to cure those claims that she

asserted in her initial complaint.[2]  As courts in the Ninth

Circuit have repeatedly emphasized, it is generally appropriate

to permit a plaintiff at least "one opportunity to amend, unless

amendment would be futile."  In re Atlas Mining Co. Sec. Litig.,

670 F. Supp. 2d 1128, 1135 (D. Idaho 2009) (Lodge, J.) (citing

Vess v. Ciba-Geigy Corp., USA, 317 F.3d 1097, 1108 (9th Cir.

---

[2]    While Rule 16 does not expressly differentiate between amendments to pleading upon a party's motion and amendments to pleading after dismissal, several courts have permitted limited amendments to cure deficiencies in dismissed pleadings even when these amendments otherwise would not have satisfied Rule 16's "good cause" requirement. See, e.g., Inge v. Rock Fin. Corp., 281 F.3d 613, 626 (6th Cir. 2002); M.G. ex rel Goodwin v. County of Contra Costa, Civ. No. 11-4853 WHA, 2013 WL 706801, at *2 (N.D. Cal. Feb. 26, 2013) (granting leave to amend complaint to replace two Doe defendants with identified sheriff's deputies, even though the "[p]laintiff's counsel admit[ted] that good cause for the late amendment is absent").

2003)); see also Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County, 708 F.3d 1109, 1118 (9th Cir. 2013) ("As a general rule, dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment." (citation, internal quotation marks, and alteration omitted)). However, this rule does not require the court to permit plaintiffs to assert new claims or join new parties. See, e.g., Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (holding that denial of leave to include new claims was appropriate because the "new claims set forth in the amended complaint would have greatly altered the nature of the litigation"); Stearns v. Select Comfort Retail Corp., 763 F. Supp. 2d 1128, 1153 (N.D. Cal. 2010) (granting leave to amend after dismissal but requiring plaintiffs to seek leave to add new claims).

As plaintiff acknowledged at oral argument, her efforts to amend her § 1985 claim are futile: that statute requires a showing of some racial or other class-based animus, see RK Ventures, 307 F.3d at 1056, and plaintiff has not alleged--and appears unable to allege--that any cover-up was motivated by her membership in a protected class. Plaintiff's counsel conceded at oral argument that she had not alleged that any purported conspiracy was so motivated. The court therefore dismisses this claim with prejudice and without leave to amend.

Likewise, plaintiff's efforts to amend her access-to-courts claim are futile. While her proposed amended complaint adds considerable detail to her allegations of a cover-up, those new facts do not resolve the central flaw with her claim: she has

12

not alleged that defendants' actions have resulted in the defeat of her state-law negligence claim and cannot do so until that claim reaches judgment. See Delew, 143 F.3d at 1223. Granting plaintiff leave to amend that claim would not cure this defect and is therefore futile. See San Diego Cnty. Gun Rights Comm. v. Reno, 926 F. Supp. 1415, 1425 (S.D. Cal. 1995) (denying leave to amend claims challenging constitutionality of criminal statute when plaintiffs conceded that they were not currently facing prosecution under that statute).

Plaintiff also seeks leave to assert a new equal protection claim in which she alleges that defendants denied her equal protection of the laws by interfering with Sloan's prosecution. (See PAC ¶ 25.) But as the Supreme Court has emphasized, a claim of this nature is unavailing because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). And even if it were not futile, this claim appears nowhere in plaintiff's initial Complaint, and the court need not permit her to assert it now. See Rose, 893 F.2d at 1079.

Finally, plaintiff seeks leave to assert a substantive due process claim alleging that defendants' misconduct terminated her relationship with her father and thereby denied her of a constitutionally protected liberty interest. (See PAC ¶ 26; Compl. ¶ 20.) The parties dispute whether plaintiff should be allowed to amend her complaint to include this claim, in large part because they disagree about whether plaintiff attempted to assert a due process claim in her initial Complaint. Both sides

13

agree that this dispute turns upon how the court construes

paragraph 20 of the Complaint, which reads:

> On information and belief, the defendants, and each of them or some of them, during ISP's investigation of the misconduct of defendant Sloan as alleged above, conspired and attempted to, and did, cover up such misconduct and/or unduly influence the investigation, evidence, and witnesses accordingly, in order to shield defendants Sloan, Huff, and Payette County from liability and responsibility for their aforesaid misconduct, <u>thereby depriving Plaintiffs of their constitutional right to due process</u> and access to the courts, pursuant to official policies, practices, and customs of ISP and the Payette County Sheriff's department, in violation of the fifth and fourteenth amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1985.

(Compl. ¶ 20 (emphasis added).)

This paragraph is not a model of clarity, and it leaves

open the question of whether plaintiff's allegations that she was

denied due process are a freestanding claim or merely part of her

access-to-courts claim. At oral argument, plaintiff's counsel

vigorously argued that plaintiff intended to assert a separate

due process claim alleging that Sloan's reckless or intentional

conduct deprived plaintiff of a constitutionally protected

interest. In light of her allegation that Sloan collided with

her father's car while driving 115 miles an hour, the court

cannot conclude that this claim would be futile. See generally

County of Sacramento v. Lewis, 523 U.S. 833, 845-55 (1998)

(describing standards applicable to substantive due process

claims).

In short, while plaintiff has not shown good cause to

amend her complaint under Rule 16, the court may nonetheless

permit plaintiff to cure deficiencies in her initial Complaint

notwithstanding her lack of diligence. See Inge, 281 F.3d at

626; M.G., 2013 WL 706801, at *2. Accordingly, the court will permit plaintiff to amend her complaint to re-assert one or both of two claims: (1) a state-law negligence claim; and (2) a claim that defendants' conduct deprived her of substantive due process. The court will not permit plaintiff to plead any other claim or to join any additional defendant, including ISP or any of its officers.

V.    Motion to Stay

        Defendants have moved to stay discovery pending the resolution of their motion to dismiss.  Their motions to dismiss have now been resolved by this Order.  Admittedly there may be more motions in response to plaintiff's amended complaint, but the court sees no value in staying discovery any further.  A district court "has broad discovery to stay discovery in a case while a dispositive motion is pending." Orchid Biosciences, Inc. v. St. Louis Univ., 198 F.R.D. 670, 672 (S.D. Cal. 2001) (citing Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280 (9th Cir. 1977)).  However, discovery stays are typically disfavored because they "may interfere with judicial efficiency and cause unnecessary litigation in the future." Qwest Commc'ns Corp. v. Herakles, LLC, Civ. No. 2:07-393 MCE KJM, 2007 WL 2288299, at *2 (E.D. Cal. Aug. 8, 2007).  As a result, a party seeking a discovery stay bears a "heavy burden" and must make a "strong showing" in favor of a discovery stay. Skellerup Indus. Ltd. v. City of Los Angeles, 163 F.R.D. 598, 600 (C.D. Cal. 1995) (citations and internal quotation marks omitted).

        Defendants represent that "[t]his [m]otion is made to save time and expense should the [c]ourt determine that there are

15

no viable allegations sufficient to create federal court

jurisdiction." (Docket No. 28.) As a general rule, however, the

pendency of a motion to dismiss alone is not enough to merit a

discovery stay. See, e.g., Skellerup, 163 F.R.D. at 600-01; Gray

v. First Winthrop Corp., 133 F.R.D. 39, 40 (N.D. Cal. 1990). Nor

do defendants explain how a discovery stay will save time and

expense; on the contrary, it appears that a discovery stay will

simply prolong these proceedings by forcing the parties to wait

until the resolution of an additional motion to dismiss to begin

discovery. Defendants have therefore not made a "strong showing"

that a discovery stay is warranted, Skellerup, 163 F.3d at 600,

and the court will deny its motion for a discovery stay.

IT IS THEREFORE ORDERED that defendants' motion to

dismiss be, and the same hereby is, GRANTED. Plaintiff's claim

under 42 U.S.C. § 1985 is DISMISSED WITH PREJUDICE. Plaintiff's

claims under 42 U.S.C. § 1983 and her state-law claim for

negligence are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that:

(1) the Idaho State Police's motion to intervene be,

and the same hereby is, GRANTED;

(2) plaintiff's motion for leave to amend be, and the

same hereby is, is GRANTED IN PART on the terms set forth in this

Order; and

(3) defendants' motion for a discovery stay be, and the

same hereby is, DENIED.

Plaintiff has twenty days from the date this Order is

signed to file an amended Complaint, if she can do so consistent

with this Order.

16

Dated:  August 25, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE